DREW, Justice
(concurring specially):
While I agree that the decrees appealed should be affirmed and that the statute involved cannot be sustained, I question the reasoning upon which the Court reaches this conclusion, at least to the extent that it finds the act inadequately defines the amount of the levy and the basis upon which the burden should be distributed. The provision for the levy and assessment of a “pro rata share of the necessary expenses” among all parties affected seems to me to meet the necessary standards for legislative prescription in this respect. The act, however, is patently defective in its failure to limit in any reasonably specific way the acts to be performed by the administrative agency, or to define action authorized by “marketing orders,” for which the levy is to be used. Sec. 3 of Article IX, Fla.Const., F.S.A., is therefore only indirectly infringed. The primary constitutional objection, in my opinion, arises from the attempt to vest in an administrative officer the power to decide, without real or effective statutory standards, what shall be done by means of “marketing orders,” i. e. what “unfair trade practices” may be prohibited, what “trade barriers” may be removed, what action may be taken to “create new or larger markets,” and what, if any, limits are to be observed in the scope of “research studies in the production and distribution” of corn.
Because of the breadth of the issues presented upon the record in the cause, and my conclusion that the law cannot be sustained, I agree that examination of the provisions of the act in further detail is not necessary or proper in the disposition of this appeal.
WHITE, Circuit Judge (Retired), concurs.